JUSTICE WEBER
concurs and dissents as follows:
I concur in the majority holding that the District Court correctly prohibited the Burtons from spending the earnest money. I dissent from the holding on Issue II, with regard to rescission of the contracts on the basis of material breach.
Of particular significance are the following provisions of the addendum of June 6,1988, referred to in the majority opinion:

PROVISIONS APPLICABLE TO EACH CONTRACT

1. Closing shall be on August 1, 1988. Buyer may extend the closing date to December 1, 1988 by depositing, with seller, an additional $10,000.00 earnest money. Buyer may continue to extend closing indefinitely by continuing to deposit an additional $10,000.00 sum as earnest money every six months thereafter.
2. If, under the existing terms of the Buy-Sell Agreements, the parties agree that they will close the purchase of the Echo Lake residence or the Burton’s Complex, but not both, then in this event, Buyer shall have refunded the earnest money attributable to the agreement which will not close. Buyer may, in any event, continue to extend the date of closing as agreed herein, provided he continues to deposit additional sums of $10,000.00 earnest money on August 1 and December 1, 1988 and every 6 months thereafter.
3. This sale is contingent upon the sale of Buyer’s home in California. If seller receives an offer to sell either the Echo Lake residence, or the Burton’s Complex, or both, then buyer shall have 72 hours notice to drop this contingency. If buyer declines to drop the contingency, then seller may sell any or all of the properties to a new purchaser. Upon the closing of the sale to the new purchaser, buyer shall receive a full refund of all earnest money paid to date. Until the sale to the new purchaser closes, the purchase agreements between buyer and seller shall remain in full force and seller shall continue to hold earnest money.
*540 The majority opinion concluded that the primary purpose of a buy-sell agreement is a restriction on the seller’s ability to market the property for a specified time in exchange for the buyer’s payment of earnest money and promise to complete the sale. The majority further concluded that nothing in the agreement suggests any other purpose for the buy-sell agreements. I disagree with that conclusion.
In the above quoted paragraph 3, the parties agreed that each of the three sales are “contingent upon the sale of buyer’s home in California.” That is a significant factor not addressed in the majority opinion. That provision gives the right to the buyer to demand a return of the earnest money in the event he is not able to sell his home in California. That is a primary purpose in addition to the marketing and sale of the property in Montana.
We emphasize that the above provisions establish this is not an ordinary buy-sell agreement in which there is an agreement to buy and to sell. Under paragraph 2, the parties in the future could agree that they would close the purchase of either Echo Lake residence or Burton’s Complex, but not both. In that event the buyer was required to refund the earnest money attributable to the agreement which did not close. This again is a primary purpose or reason in addition to the marketing and sale.
In addition, under these paragraphs, buyer may continue to extend the date of closing by making additional $10,000 deposits. Even though such deposits are made, under the paragraphs, a primary purpose is to allow the deposits to be returned in the event that the buyer’s property in California is not sold.
Last, I point out that under paragraph 3, if the seller receives an offer to sell either Echo Lake residence or Burton’s Complex, or both, buyer has 72 hours to drop the contingent aspect of the sale. If the buyer declines to drop the contingency, then the seller may sell to a new purchaser. A key point here is that upon the closing of the sale to the new purchaser, the buyer shall receive a “full” refund of all earnest money paid to date. Clearly this is a primary purpose in addition to the sale of the property in Montana to the buyer.
In view of the foregoing express contingencies, it is clear to me that the spending of the earnest money indicates a very material problem with return of the earnest money if the sale is not completed. The deposit referred to in the first issue of the majority opinion becomes of little significance if it is spent and no longer constitutes such a deposit.
*541 I conclude that the seller’s failure to hold the earnest money substantially defeated material objects and provisions of the contract. I would affirm the conclusion of the District Court that the buyer was entitled to withdraw from the contract and request refund of his earnest money. I would affirm the District Court’s award of $10,000 plus interest to the buyer.
CHIEF JUSTICE TURNAGE concurs in the foregoing concurrence and dissent.